UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ENTERCOM BOSTON, LLC,

    Plaintiff,

v.

TASTE-BOSTON & MAURA DOWNES,

    Defendants.

Civil Action No: 05 11410 NMG

RECEIPT # 65362
AMOUNT $ 950.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. M.P.
DATE 7/6/05

MAGISTRATE JUDGE __ITS__

**COMPLAINT**

Plaintiff Entercom Boston, LLC ("Entercom"), through their attorneys, for their Complaint against defendants Taste-Boston and Ms. Maura Downes, alleges as follows:

**JURISDICTION AND VENUE**

1. This claim arises under the Trademark Act of 1946 (the Lanham Act), 15 U.S.C. § 1125(a), for trademark infringement and false designation of origin, false or misleading description or representations of fact, and under the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c), for trademark dilution. This claim also arises under chapter 110B of the General Laws of Massachusetts for State trademark infringement and trademark dilution. This claim also arises under chapter 93A of the General Laws of Massachusetts for unfair competition and unfair and deceptive trade practices.

2. This Court has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1331, 1338, and 1367, and 15 U.S.C. § 1121, and the doctrine of supplemental jurisdiction.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

4. Plaintiff Entercom is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 20 Guest Street, 3rd Floor, Boston, Massachusetts 02135.

5. Defendant Taste-Boston is a business run through an Internet website with the domain name www.taste-boston.com. On information and belief, Ms. Maura Downes is an individual living in Boston, Massachusetts, and is the owner and principal of Taste-Boston. On information and belief, Taste-Boston and/or Ms. Downes have business and/or home addresses including 286 Cambridge Street, Boston, Massachusetts, and 17 Bowdoin Street, Suite 2A, Boston, Massachusetts. Taste-Boston and Ms. Downes are hereafter collectively referred to as "Taste-Boston."

## PLAINTIFF'S TRADEMARK – "TASTE OF BOSTON"

6. The ultimate parent company of plaintiff Entercom Boston LLC ("Entercom") is Entercom Communications Corp. of Bala Cynwyd, Pennsylvania, which, through subsidiaries including the Plaintiff, owns and operates a nationwide portfolio of radio stations, including WEEI, WRKO, WAAF and WMMK, which air in Massachusetts and neighboring New England States.

7. For more than a decade, Entercom and/or its radio stations in Massachusetts have continuously organized, sponsored, promoted and provided services in connection with its annual event under the trademark "TASTE OF BOSTON," which draws tens of thousands of New Englanders to participate in food and wine tastings, and other food related events and entertainment. The event includes sale and sampling of a variety of products (foods and merchandise), live radio broadcast and air personality appearances, music performances, and carnival-style attractions. On invitation, restaurants and other food and wine related businesses showcase and sample their products and services to consumers in a convivial environment furnished through the organizational and marketing services provided by Entercom under the "TASTE OF BOSTON" trademark.

8. Entercom is the sole and exclusive owner of the federal common law trademark "TASTE OF BOSTON" for use in providing services in connection with its event, including, without limitation, food, wine, food and wine tasting and restaurant sampling, and related services.

9. Entercom is the registered owner of Commonwealth of Massachusetts Trademark Registration No. 48,428, for the trademark "TASTE OF BOSTON." Exhibit A. The registered State trademark has been duly renewed and is in full force and effect. G.L.M. c.110B, §4.

10. The "TASTE OF BOSTON" trademark owned by Entercom is renowned and promoted throughout New England and signifies to consumers the identity and quality of Entercom and Entercom's services relating to its annual event. Entercom has promoted and advertised its services in connection with the event through its radio stations, newspapers, magazines and other media outlets.

11. Entercom has made substantial investment in, and extensive marketing under, the trademark "TASTE OF BOSTON," and there has been substantial attendance and notoriety of Entercom's events where Entercom has provided services under the trademark "TASTE OF BOSTON."

12. Entercom's trademark "TASTE OF BOSTON" has acquired a secondary meaning and significance in the minds of consumers of foods and restaurant services, food and wine tastings, restaurant sampling, and of restaurants/restaurant service providers and chefs. Consumers have come to identify the trademark "TASTE OF BOSTON" exclusively with Entercom as a single source of the food and restaurant related event services provided by Entercom.

**TASTE-BOSTON'S UNLAWFUL ACTIVITIES**

13. Taste-Boston operates an Internet website under the domain name www.taste-boston.com and a related business that markets consumer food events at Boston restaurants,

and organizes and directs these live restaurant events, which include food and wine tastings, and regular meals.

14. On information and belief, Taste-Boston negotiates group rates with restaurants for these food events and charges consumers directly at a profit. On information and belief, Taste-Boston provides these and other services in connection with food and wine tastings and other consumer interactions with restaurants and restaurant owners and chefs, under the "TASTE-BOSTON" trademark and tradename.

15. On information and belief, Taste-Boston provides consumers with documentation, items, gift-bags, and other merchandise incorporating the trademark and tradename "TASTE-BOSTON."

16. On information and belief, Taste-Boston performs its services through its Internet website using the domain name www.taste-boston.com, through electronic mail, through regular mail, and through live meetings and events. On information and belief, Taste-Boston targets and has marketed and sold its services to consumers within Massachusetts and throughout New England.

## FIRST CLAIM FOR RELIEF

**Federal Common Law Trademark Infringement, False Designation of Origin, False or Misleading Description of Fact, False or Misleading Representation of Fact**

**[Lanham Act - 15 U.S.C. § 1125(a)]**

17. Plaintiff incorporates all prior allegations as if set forth fully herein.

18. Taste-Boston's conduct, including the use of its trademark and tradename and domain name "TASTE-BOSTON, that is confusingly similar to Entercom's common law trademark "TASTE OF BOSTON," falsely and improperly represents that Taste-Boston's and Entercom's services are the same, and/or that Taste-Boston's services are sponsored,

authorized by, and/or otherwise affiliated with Entercom or Entercom's services and/or event.

19.  Taste-Boston's activities constitute a false designation of origin, false or misleading description of fact, and false or misleading representation of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Entercom, or as to origin, sponsorship, or approval of Taste-Boston's services and/or events.

20.  Taste-Boston's activities as set forth herein constitute Taste-Boston's use in commerce of its infringing trademark and tradename and domain name.

21.  The conduct of Taste-Boston complained of herein constitutes a violation of §43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

22.  Entercom has been, and is likely to continue to be, irreparably harmed by such violations unless they are enjoined by this Court.  15 U.S.C. §§ 1116, 1117.

23.  Taste-Boston's conduct complained of herein has been committed willfully with the knowledge that said conduct causes confusion or mistake or deception of consumers, and with the knowledge of Entercom's prior rights.   15 U.S.C. §§ 1116, 1117.

24.  Entercom has no adequate remedy at law and is suffering irreparable harm and damage to its business and reputation as a result of the aforesaid acts of Taste-Boston in an amount thus far not determined.  15 U.S.C. §§ 1116, 1117.

## SECOND CLAIM FOR RELIEF

### Federal Trademark Dilution

### [Lanham Act - 15 U.S.C. § 1125(c)]

25.  Plaintiff incorporates all prior allegations as if set forth fully herein.

26. Entercom's "TASTE OF BOSTON" trademark has been used for many years and is so recognized and associated with Entercom so as to be famous and distinctive. 15 U.S.C. § 1125(c).

27. Taste-Boston's use of its trademark, tradename and domain name "TASTE-BOSTON" in marketing, sale and conducting of its services is diluting the distinctive quality of the Entercom trademark "TASTE OF BOSTON" and the goodwill associated with Entercom. 15 U.S.C § 1125(c)

28. The conduct of Taste-Boston complained of herein constitutes a violation of §43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

29. Entercom has been, and is likely to continue to be, irreparably harmed by such violations unless they are enjoined by this Court. 15 U.S.C. § 1125(c).

30. Taste-Boston's conduct complained of herein has been committed willfully with the knowledge that said conduct causes dilution. 15 U.S.C. §§ 1125(c), 1117.

31. Entercom has no adequate remedy at law and is suffering irreparable harm and damage to its business and reputation as a result of the aforesaid acts of Taste-Boston in an amount thus far not determined. 15 U.S.C. §§ 1125(c), 1117.

## THIRD CLAIM FOR RELIEF

### State Trademark Infringement

### [General Laws of Massachusetts, Chapter 110B]

32. Plaintiff incorporates all prior allegations as if set forth fully herein.

33. Taste-Boston's aforesaid acts constitute trademark infringement of Entercom's registered trademark "TASTE OF BOSTON" in violation of Entercom's rights under the law of the Commonwealth of Massachusetts, since the acts are likely to cause

confusion or mistake or to deceive as to the source of origin of Taste-Boston's services. G.L.M. c.110B, §§11, 12, 13.

34.  Entercom has been, and is likely to continue to be, irreparably harmed by such violations unless they are enjoined by this Court. G.L.M. c.110B, §§11, 12, 13.

35.  Taste-Boston's conduct complained of herein has been committed willfully with the knowledge that said conduct causes confusion or mistake or deception of consumers. G.L.M. c.110B, §§11, 12, 13.

36.  Entercom has no adequate remedy at law and is suffering irreparable harm and damage to its business and reputation as a result of the aforesaid acts of Taste-Boston in an amount thus far not determined. G.L.M. c.110B, §§11, 12, 13.

## FOURTH CLAIM FOR RELIEF

### State Trademark Dilution

### [General Laws of Massachusetts, Chapter 110B]

37.  Plaintiff incorporates all prior allegations as if set forth fully herein.

38.  Taste-Boston's aforesaid acts constitute trademark dilution of the distinctive quality of Entercom's registered trademark "TASTE OF BOSTON" and injury to Entercom's business reputation in violation of Entercom's rights under the law of the Commonwealth of Massachusetts. G.L.M. c.110B, §§11, 12, 13.

39.  Entercom has been, and is likely to continue to be, irreparably harmed by such violations unless they are enjoined by this Court. G.L.M. c.110B, §§11, 12, 13.

40.  Taste-Boston's conduct complained of herein has been committed willfully with the knowledge that said conduct causes dilution and injury to Entercom's business reputation. G.L.M. c.110B, §§11, 12, 13.

41. Entercom has no adequate remedy at law and is suffering irreparable harm and damage to its business and reputation as a result of the aforesaid acts of Taste-Boston in an amount thus far not determined. G.L.M. c.110B, §§11, 12, 13.

## FIFTH CLAIM FOR RELIEF

### State Unfair And Deceptive Trade Practices

### [General Laws of Massachusetts, Chapter 93A]

42. Plaintiff incorporates all prior allegations as if set forth fully herein.

43. Taste-Boston's actions, including but not limited to those described above, constitute unfair and deceptive acts and practices in violation of G.L.M. c. 93A, §§ 2 and 11.

44. At all times material to this action, the parties have engaged in trade or commerce as defined and contemplated in G.L.M. c.93A, §§ 2 and 11.

45. Taste-Boston's actions, including but not limited to those described above, have occurred primarily and substantially within the Commonwealth of Massachusetts. G.L.M. c.93A, §§ 2 and 11.

46. Entercom has been, and is likely to continue to be, irreparably harmed by such violations unless they are enjoined by this Court. G.L.M. c.93A, §§ 2 and 11.

47. Taste-Boston's unfair and deceptive acts and practices were engaged in bad faith, knowingly and willfully. G.L.M. c.93A, §§ 2 and 11.

48. Entercom has no adequate remedy at law and is suffering irreparable harm and damage to its business and reputation as a result of the aforesaid acts of Taste-Boston in an amount thus far not determined. G.L.M. c.93A, §§ 2 and 11.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in Entercom's favor on all Claims of this Complaint, and specifically:

1. That this Court adjudge that Entercom's "TASTE OF BOSTON" trademark has been infringed in violation of the Lanham Act and the law of the Commonwealth of Massachusetts.

2. That this Court adjudge that Taste-Boston is causing dilution of Entercom's trademark "TASTE OF BOSTON" in violation of the Lanham Act and the law of the Commonwealth of Massachusetts.

3. That this Court adjudge that Taste-Boston's conduct constitutes unfair and deceptive trade practice in violation of chapter 93A of the laws of the Commonwealth of Massachusetts.

4. That this Court adjudge that Taste-Boston's conduct and resulting violations have been knowing, willful and intentional.

5. That this Court preliminarily and permanently enjoin Taste-Boston and its officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

    A. Using the trademark "TASTE-BOSTON";

    B. Using the tradename TASTE-BOSTON";

    B. Using the domain name "TASTE-BOSTON";

    D. Using the any trademark or tradename or domain name confusingly similar to Entercom's trademark "TASTE OF BOSTON" or one that causes dilution thereof, or otherwise engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Enercom's business, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, including words or other symbols tending to falsely describe or represent Taste-Boston's services as being those of Entercom or being sponsored by or associated with Entercom;

6.  That Entercom recover Taste-Boston's profits and the damages of Entercom arising from Taste-Boston's acts to the fullest extent available under federal and State law.

7.  That this Court treble such amounts as allowed by law and equity.

8.  That Entercom recover the costs of this action together with reasonable attorney fees and prejudgment interest.

9.  That Entercom recover such other and further relief as the Court may deem just and proper, together with the costs and disbursements Entercom has incurred in connection with this action.

## JURY DEMAND

Plaintiff Entercom respectfully demands a trial by jury on all issues so triable.

**ENTERCOM BOSTON LLC**

By its Attorneys,

BURNS & LEVINSON LLP

By: /s/ Anne C. Pareti
Howard J. Susser (BBO # 636183)
Anne C. Pareti (BBO# 660496)
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000

Dated: July __, 2005

J:\Docs\26950\00001\00938386.DOC

-10-

**EXHIBIT A**



### The Commonwealth of Massachusetts
William Francis Galvin, Secretary of the Commonwealth
Corporations Division

*63172*
*TASTE OF BOSTON*

Dear Applicant;

Enclosed find a copy of your trademark/servicemark renewal application as filed with this office. The application is in force for a period of 10 years and it will expire on: *Aug 3, 2013* Within 6 months of that date you will receive notification of renewal, that renewal will be sent to the last known address of the applicant. If you should change address within the next 10 years please notify us of such change and we will update our records. If you should have any questions regarding this matter please feel free to contact this office.

SECRETARY OF THE COMMONWEALTH
1 ASHBURTON PLACE
ROOM 1711
TRADEMARK DIVISION
BOSTON, MA 02108

(617) 727-8329

63172

Fee: $50.00

# The Commonwealth of Massachusetts

William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

## APPLICATION FOR RENEWAL OF A TRADEMARK OR A SERVICE MARK
(General Laws, Chapter 110B, Section 5)

The undersigned, being the owner of a registered mark in this Commonwealth, Registration No. 48428,

registration date 08/03/93, and desiring to renew the said registration in Massachusetts, makes the following statement.

1. Name of renewal applicant: Entercom Boston, LLC

2. (a) Principal business address: c/o Entercom Communications Corp.
   401 City Avenue, Suite 809, Bala Cynwyd, PA 19004
   (b) *Business address in Massachusetts, if any:
   20 Guest Street, 3rd Floor, Boston, MA 02135-2088

3. State whether present owner is an individual, partnership, corporation, union or association: Limited Liability Compar
   Organized in Delaware and qualified to do business in Massachusetts

4. Indicate the mark to be renewed:
   "Taste of Boston"

5. Describe the specific goods or services in connection with which mark is used:
   An event produced and promoted in various media by applicant's radio stations that includes, without limitation, sale and sampling of a variety of prodcuts (food and merchandise), live radio broadcast and air personality appearances, music performances, and carnival-style attractions.

6. Class No.: 38

State of: Pennsylvania
County of: Montgomery

Name of applicant: Entercom Boston, LLC
Signature of applicant: [signature]
**Title: John C. Donlevie, Executive Vice President

John C. Donlevie, being duly sworn, deposes and says that he/she is the ***Executive Vice President of the above named applicant for renewal; that the statements contained in the foregoing application for renewal are true and that he/she verily believes that said applicant for renewal is the owner of the mark and registration sought to be renewed; and that the mark is still in use in the Commonwealth of Massachusetts in the manner described in this renewal application.

SUBSCRIBED and sworn to before me this 14th day of July, 20 03.

Notary Public: [signature] Cynthia A. Long

Notarial Seal
Cynthia A. Long, Notary Public
Lower Merion Twp, Montgomery County
My Commission Expires May 15, 2004
Member, Pennsylvania Association of Notaries

*Fill in only if principal business address is not in Massachusetts.
**If the applicant for renewal is an individual, this should not be filled in. If applicant for renewal is a partnership, union, corporation, or association, the name of the person executing the following affidavit should be inserted and below should be inserted his/her official title.
***If the applicant for renewal is an individual, this should not be filled in. If applicant for renewal is a partnership, union, corporation or association, the official capacity of the applicant should be placed here.

110barts 4/4/00

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Entercom Boston, LLC v. Taste-Boston & Maura Downes__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [ ]  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [X]  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   [ ]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   [ ]  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.    150, 152, 153.

   05-11410 NMG

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]    NO [ ]

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division [X]    Central Division [ ]    Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Howard J. Susser, Esq. and Anne C. Pareti, Esq.
ADDRESS  Burns & Levinson, LLP, 125 Summer Street, Boston, MA 02110
TELEPHONE NO.  (617) 345-3000

(CategoryForm.wpd - 5/2/05)

**%JS 44 (Rev. 11/04)**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Entercom Boston, LLC

## DEFENDANTS
Taste-Boston & Maura Downes

(b) County of Residence of First Listed Plaintiff  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Anne C. Pareti, Esq.
Howard J. Susser, Esq.
Burns & Levinson, LLP, 125 Summer Street,
Boston, MA 02110 (617) 345-3000

Attorneys (If Known)  Stephen P. Griffin, Esq.

05 11410NMG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Lanham Act - 15 USC 1125
Brief description of cause:
Trademark infringement and dilution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Injunctive relief and costs
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 7/5/05
SIGNATURE OF ATTORNEY OF RECORD
*Anne C. Pareti*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____