# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ENTERCOM BOSTON, LLC,

      Plaintiff,

v.

      C.A. No.  05-11410 NMG

TASTE-BOSTON & MAURA DOWNES,

      Defendants.

## DEFENDANTS' ANSWER

Now come the Defendants and in response to the enumerated paragraphs of Plaintiff's Complaint, state as follows:

1.      Paragraph 1 contains only legal conclusions to which no response is required.  To the extent any response is requires, the allegations are denied.

2.      Paragraph 2 contains only legal conclusions to which no response is required.  To the extent any response is requires, the allegations are denied.

3.      Paragraph 3 contains only legal conclusions to which no response is required.  To the extent any response is requires, the allegations are denied.

4.      Defendants are without knowledge or information sufficient to forma belief as to the truth of the allegations contained in Paragraph 4.

5.      Defendants admit only that Taste-Boston operates a website with the internet address www.taste-boston.com, that Ms. Downes is the principal and owner of Taste-Boston and that Ms. Downes is an individual residing in Boston, Massachusetts.  Defendants deny the remaining allegations set forth in Paragraph 5.

6.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.    Defendants deny the allegations set forth in Paragraph 7.

8.    Defendants deny the allegations set forth in Paragraph 8.

9.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10.    Defendants deny the allegations set forth in Paragraph 10.

11.    Defendants deny the allegations set forth in Paragraph 11.

12.    Defendants deny the allegations set forth in Paragraph 12.

13.    Defendants admit that Taste-Boston operates a website with an internet address www.taste-boston.com.  Defendants specifically deny that Taste-Boston "markets consumer food events at Boston restaurants and organizes and directs these live restaurant events, which include food and wine tastings and regular meals."  Further answering, Defendants state that Taste-Boston coordinates and organizes, on a sometimes monthly, sometimes seasonal basis, a pre fixe menu created by high-end restaurateur sommeliers to wine enthusiasts and gastronomes.

14.    Defendants deny the allegations set forth in the first sentence of Paragraph 14.  Defendants admit that Taste-Boston provides "other services" than those alleged in the Complaint, including direct marketing, at no charge, of its participating restaurants to its database of subscribers.

15.    Defendants admit that Taste Boston provides documentation to its subscribers and event attendees.  Defendants admit that Taste-Boston has, on occasion in the past, supplied gift-bags and items to attendees.  Defendants deny the remaining allegations set forth in Paragraph 15.

16.    Defendants admit only that Taste-Boston communicates with its subscribers primarily via electronic mail and that its target demographic is wine enthusiasts and gastronomes located in the greater Boston area.  Defendants deny the remaining allegations set forth in paragraph 16.

17.    Defendants repeat their responses to Paragraphs 1 through 16 as if each were more fully set forth herein.

18.    Defendants deny the allegations set forth in Paragraph 18.

19.    Defendants deny the allegations set forth in Paragraph 19.

20.    Defendants deny the allegations set forth in Paragraph 20.

21.    Defendants deny the allegations set forth in Paragraph 21.

22.    Defendants deny the allegations set forth in Paragraph 22.

23.    Defendants deny the allegations set forth in Paragraph 23.

24.    Defendants deny the allegations set forth in Paragraph 24.

25.    Defendants repeat their responses to Paragraphs 1 through 24 as if each were more fully set forth herein.

26.    Defendants deny the allegations set forth in Paragraph 26.

27.    Defendants deny the allegations set forth in Paragraph 27.

28.    Defendants deny the allegations set forth in Paragraph 28.

29.    Defendants deny the allegations set forth in Paragraph 29.

30.    Defendants deny the allegations set forth in Paragraph 30.

31.    Defendants deny the allegations set forth in Paragraph 31.

32.    Defendants repeat their responses to Paragraphs 1 through 31 as if each were more fully set forth herein.

33.    Defendants deny the allegations set forth in Paragraph 33.

34.    Defendants deny the allegations set forth in Paragraph 34.

35.     Defendants deny the allegations set forth in Paragraph 35.

36.     Defendants deny the allegations set forth in Paragraph 36.

37.     Defendants repeat their responses to Paragraphs 1 through 36 as if each were more fully set forth herein.

38.     Defendants deny the allegations set forth in Paragraph 38.

39.     Defendants deny the allegations set forth in Paragraph 39.

40.     Defendants deny the allegations set forth in Paragraph 40.

41.     Defendants deny the allegations set forth in Paragraph 41.

42.     Defendants repeat their responses to Paragraphs 1 through 41 as if each were more fully set forth herein.

43.     Defendants deny the allegations set forth in Paragraph 43.

44.     Defendants deny the allegations set forth in Paragraph 44.

45.     Defendants deny the allegations set forth in Paragraph 45.

46.     Defendants deny the allegations set forth in Paragraph 46.

47.     Defendants deny the allegations set forth in Paragraph 47.

48.     Defendants deny the allegations set forth in Paragraph 48.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed, with prejudice and that Defendants be awarded their costs and expenses, including reasonable attorneys' fees incurred in the defense of this action, and for such other and further relief as this Court deems meet and just.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred by the doctrine of laches.

4

3.      Plaintiff is not entitled to the relief it seeks due to the doctrine of unclean

hands.

4.      Plaintiff is estopped from pursuing the claims set forth in its Complaint.

5.      Plaintiff's claims are barred by the applicable statutes of limitations.

6.      Plaintiff's claims are barred by the doctrine of waiver.


**DEFENDANTS CLAIM A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

Respectfully submitted,

MAURA DOWNES & TASTE-BOSTON

By their Attorneys,

GRIFFIN LAW LLC

_____
Stephen P. Griffin (BBO# 563369)
443 Main Street
Boston, MA 02129
(617) 242-6100
(617) 242-6141 FAX